UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PAULINA B. MOODIE,
and other similarly situated individuals,

      Plaintiff(s),

v.

NOAH RESTAURANT LLC,
d/b/a SANTORINI GREEK RESTAURANT
and CHRISTOS MAMMAS, individually,

      Defendants,

_____/

**<u>VERIFIED COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff PAULINA B. MOODIE and other similarly situated individuals, by and through the undersigned counsel and hereby sues Defendants NOAH RESTAURANT LLC, d/b/a SANTORINI GREEK RESTAURANT, and CHRISTOS MAMMAS, individually and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff PAULINA B. MOODIE is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

Act.  Plaintiff PAULINA B. MOODIE consents to be a party in this action by signing this verified complaint.

3. Defendant NOAH RESTAURANT LLC, d/b/a SANTORINI GREEK RESTAURANT, (hereinafter, SANTORINI GREEK RESTAURANT) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant CHRISTOS MAMMAS was and is now the General Manager of NOAH RESTAURANT LLC, d/b/a SANTORINI GREEK RESTAURANT. This individual Defendant was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. Defendant NOAH RESTAURANT LLC is a retail business operating as a Greek restaurant. Defendant operates under the name of SANTORINI GREEK RESTAURANT located at 101 Ocean Drive, Miami Beach 33139.

7. Defendants SANTORINI GREEK RESTAURANT and the individual Defendant CHRISTOS MAMMAS employed Plaintiff PAULINA B. MOODIE from September 24, 2018, to June 19, 2019, or 38 weeks.

8. Plaintiff was hired as a non-exempted, full time, hourly bartender.  Plaintiff was a tipped employee earning the minimum wage for tipped employees, or $5.23 an hour in 2018, and $5.44 an hour in 2019, plus earned tips.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

9.  Plaintiff had an irregular schedule and within the 7 months of low season (April, May, June, July, August, September, and October), she worked 5 days per week. During the 5 months of high season (November, December January, February, and March), Plaintiff worked 6 days per week.

10. In low season, Plaintiff worked 5 days per week, she had Mondays and Tuesdays off. Usually on Wednesdays Plaintiff worked from 5:00 PM to 12:30 AM (7.5 hours); on Thursdays and Fridays Plaintiff worked from 5:00 PM to 1:00 AM (8 hours each day); on Saturdays Plaintiff worked from 3:00 PM to 1:00 AM (10 hours); and on Sundays Plaintiff worked from 4:00 PM to 1:00 AM (9 hours). Plaintiff completed 42.5 working hours every week. Plaintiff was not able to take any bona-fide lunch break.

11. In high season, Plaintiff worked 6 days per week. The plaintiff maintained the same schedule, but she worked on Tuesdays from 5:00 PM to 12:30 AM (7.5 hours). Plaintiff completed a minimum of 50 hours every week.

12. Consequently, during her employment with Defendants Plaintiff worked 16 weeks in the low season an average of 42.5 hours every week; and 22 weeks in high season, an average of 50 hours every week.

13. During her time of employment with Defendants, Plaintiff worked regularly in excess of 40 hours every week. However, in many weeks Plaintiff was paid less than 40 regular hours and she was not paid for all her overtime hours.

14. Plaintiff worked a minimum of 42.5 hours in low season and a minimum of 50 hours in high season. However, Plaintiff was not paid for all her overtime hours. Sometimes Plaintiff was paid only a fraction of her overtime hours.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

15. Moreover, when the Defendant paid some overtime hours to Plaintiff, they unlawfully calculated Plaintiff's overtime rate on the direct minimum cash wage, not on the full minimum wage as provided by the FLSA.

16. Thus, Plaintiff is owed the overtime difference for every overtime hour paid to her at the incorrect rate, plus full overtime payment for every hour that was not paid to her at any rate, not even the minimum wage rate as required by the Fair Labor Standards Act.

17. Plaintiff was paid bi-weekly with checks and paystubs that most of the weeks reflected less than the real number of regular and overtime hours worked.

18. Plaintiff clocked in and out, and Defendants were able to track the real number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for regular wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff disagreed with the number of regular and overtime hours paid to her, the unauthorized deductions, and she complained to the manager multiple times.

21. On or about June 19, 2019, Plaintiff was fired by manager CHRISTOS MAMMAS, due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

22. At this time, Plaintiff is not in possession of time and payment records, and without the benefit of the discovery, it is impossible for her to make exact calculations about the number of wages owed to her. Nevertheless, Plaintiff is going to provide a good faith estimate based on her recollections. Plaintiff will calculate the total amount that she

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

should have been paid for all the weeks that she worked with Defendants, after production of time and payment records, Plaintiff will deduct the wages already paid to her.

23. Plaintiff seeks to recover unpaid regular hours, the difference of O/T rate for overtime hours paid, and full overtime payment for hours that were not paid to her at any rate which were accumulated during her employment with Defendant SANTORINI GREEK RESTAURANT, plus liquidated damages and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants, that resulted in minimum wages violations and non-payment for hours worked in excess of 40 in a week period.

**COUNT I:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

25. Plaintiff PAULINA B. MOODIE re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff PAULINA B. MOODIE to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

27. Defendant SANTORINI GREEK RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail business operating as a Greek restaurant, Defendant catered mostly to tourists. The defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a bartender that on regular basis initiated and completed credit card transactions. Plaintiff handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time in the course of business.  Therefore, there is individual coverage.

29. By reason of the foregoing, Defendant SANTORINI GREEK RESTAURANT was required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

30. Defendants SANTORINI GREEK RESTAURANT and the individual Defendant CHRISTOS MAMMAS employed Plaintiff PAULINA B. MOODIE from September 24, 2018, to June 19, 2019, or 38 weeks.

31. Plaintiff was hired as a non-exempted, full time, hourly bartender.  Plaintiff was a tipped employee earning the minimum wage for tipped employees, or $5.23 an hour in 2018, and $5.44 an hour in 2019, plus earned tips.

32. Plaintiff had an irregular schedule and within the 7 months of low season (April, May, June, July, August, September, and October), she worked 5 days per week. During the 5 months of high season (November, December January, February, and March), Plaintiff worked 6 days per week.

33. In low season, Plaintiff worked 5 days per week from Wednesday to Sundays minimum an average of 42.5 hours every week, the Plaintiff was unable to take bona fide lunch breaks.

34. In high season, Plaintiff worked 6 days per week. The plaintiff maintained the same schedule, but she worked on Tuesdays from 5:00 PM to 12:30 AM (7.5 hours). Plaintiff completed a minimum average of 50 hours every week.

35. Accordingly, during her employment with Defendants Plaintiff worked in low season 16 weeks with an average of 42.5 hours every week; and in high season 22 weeks with an average of 50 hours every week.

36. During her employment time as a bartender, Plaintiff was a tipped employee who was paid the mandatory minimum wage for tipped employees, plus tips.

37. Every week, Plaintiff worked in excess of 40 hours every week, but she was not paid for all her regular hours.  In many weeks Plaintiff was paid for less than 40 regular hours and

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

at the incorrect rate. There is a substantial number or regular hours that were not paid to Plaintiff at any rate, not even the minimum wage rate for tipped employees as required by the Fair Labor Standards Act.

38. Plaintiff was paid bi-weekly with checks and paystubs that most of the weeks reflected less than the real number of regular and overtime hours worked.

39. Plaintiff clocked in and out, and Defendants were able to track the real number of hours worked by Plaintiff and other similarly situated individuals.

40. At all times material hereto, the Employer failed to comply with title §§ 201-219 and 29 C.F.R. § 516.2, § 516.4, 531.52, and § 531.59 et seq. In that, Plaintiff was not paid the required minimum wage as required by the FLSA.

41. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

42. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

44. Prior to the completion of discovery and to the best of Plaintiff PAULINA B. MOODIE's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

*Pending to discovery, please note that these are preliminary calculations that will be. adjusted after proper discovery.

 *Florida minimum wage is higher than Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Eight Thousand One Hundred Fifty-One Dollars and 20/100 ($8,151.20)

b. <u>Calculation of such wages</u>:

Total number of Relevant weeks: 38 weeks

**1.- 2018 Unpaid minimum wages at Fl. Min. wage/tipped employees**

i.  Low season /From September 24 to October 31, 2018=5 weeks

Total relevant weeks: 5 weeks
Total regular hours worked: 40 regular hours
Regular rate: $5.23 Fl. min. wage rate for tipped employees

$5.23 FL min. wage rate x 40 regular hours weekly= $209.20 x 5 Weeks = $1,046.00

ii.  High season/From November 01 to December 31, 2018=9 weeks

Total relevant weeks: 9 weeks
Total regular hours worked: 40 regular hours
Regular rate: $5.23 Florida min. wage rate for a tipped employee

$5.23 FL min. wage rate x 40 regular hours weekly=$209.20 x 9 Weeks = $1,882.80

**2.- 2019 Unpaid minimum wages at Fl. Min. wage/tipped employees**

i.  High season from January 01 to March 31, 2019=13 weeks

Total relevant weeks: 13 weeks
Total regular hours worked: 40 regular hours
Regular rate: $5.44 Florida minimum wage rate for tipped employees

$5.44 FL min. wage rate x 40 regular hours weekly = $217.60 x 13 Weeks = $2,828.80

ii.  Low season from April 01 to June 19, 2019=11 weeks

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

Total relevant weeks: 11 weeks
Total regular hours worked: 40 regular hours
Regular rate: $5.44 Florida minimum wage rate for tipped employees.

$5.44 FL min. wage rate x 40 regular hours weekly = $217.60 x 11
Weeks = $2,393.60

Total 1 and 2: $8,151.20

c. <u>Nature of wages:</u>

This amount represents the unpaid minimum wages at Florida rate.

45. Therefore, Defendants unlawfully failed to pay minimum wages to the Plaintiff for the hours and relevant time periods specified above.

46. Defendant SANTORINI GREEK RESTAURANT and CHRISTOS MAMMAS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff PAULINA B. MOODIE and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At the times mentioned, individual Defendant CHRISTOS MAMMAS, was the manager of Defendant Corporation SANTORINI GREEK RESTAURANT, Defendant CHRISTOS MAMMAS was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interest of the corporation SANTORINI GREEK RESTAURANT in relation to its employees including Plaintiff. Defendant CHRISTOS MAMMAS had financial and operational control of the business, provided the Plaintiff with her work schedule, and he is jointly and severally liable for Plaintiff's damages.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

48. Defendants SANTORINI GREEK RESTAURANT, and CHRISTOS MAMMAS, willfully and intentionally refused to pay Plaintiff PAULINA B. MOODIE minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff PAULINA B. MOODIE has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PAULINA B. MOODIE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated individuals and against the Defendants SANTORINI GREEK RESTAURANT, and CHRISTOS MAMMAS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff PAULINA B. MOODIE actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff PAULINA B. MOODIE an equal amount in double damages/liquidated damages; and

D. Award Plaintiff PAULINA B. MOODIE reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

<u>JURY DEMAND</u>

Plaintiff PAULINA B. MOODIE and those similarly situated, demand trial by a jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME, AS TO ALL DEFENDANTS</u>**

50. Plaintiff PAULINA B. MOODIE re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

51. This action is brought by Plaintiff PAULINA B. MOODIE and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

52. Defendant SANTORINI GREEK RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail business operating as Greek restaurant, Defendant catered mostly to tourists. The defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

53. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a bartender that on regular basis initiated and completed credit card transactions, and she handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time in the course of business.  Therefore, there is individual coverage.

54. Defendants SANTORINI GREEK RESTAURANT and the individual Defendant CHRISTOS MAMMAS employed Plaintiff PAULINA B. MOODIE from September 24, 2018, to June 19, 2019, or 38 weeks.

55. Plaintiff was hired as a non-exempted, full time, hourly bartender.  Plaintiff was a tipped employee earning the minimum wage for tipped employees, or $5.23 an hour in 2018, and $5.44 an hour in 2019, plus earned tips.

56. Plaintiff had an irregular schedule and within the 7 months of low season (April, May, June, July, August, September, and October), she worked 5 days per week. During the 5 months of high season (November, December January, February, and March), Plaintiff worked 6 days per week.

57. In low season, Plaintiff worked 5 days per week from Wednesday to Sundays a minimum average of 42.5 hours, Plaintiff was unable to take bona fide lunch breaks.

58. In high season, Plaintiff worked 6 days per week. The plaintiff maintained the same schedule, but on Tuesdays she worked 7.5 hours additionally. Plaintiff completed a minimum average of 50 hours every week.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

59. Consequently, during her employment with Defendants Plaintiff worked in low season 16 weeks with an average of 42.5 hours every week; and in high season 22 weeks with an average of 50 hours every week.

60. Plaintiff was required to work many hours over 40 in a workweek without receiving extra payment for overtime hours at the rate of time and a half her regular rate, as required by the Fair Labor Standards Act.

61. Plaintiff was paid for some overtime hours, but she was not paid for all her overtime hours.

62. Moreover, Defendants unlawfully calculated Plaintiff's overtime rate on the direct minimum cash wage, not on the full minimum wage as provided by the FLSA, resulting in a lower overtime rate paid.

63. Thus, Plaintiff is owed the overtime difference for every overtime hour paid to her at the incorrect rate, plus full overtime payment for every hour that was not paid to her at any rate, not even at the minimum wage rate for tipped employees as required by the Fair Labor Standards Act.

64. Plaintiff was paid bi-weekly with checks and paystubs that most of the weeks reflected less than the real number of regular and overtime hours that she worked.

65. Plaintiff clocked in and out, and Defendants were able to track the real number of hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

67. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

68. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

69. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

70. Plaintiff is not in possession of time and payment records, and she will provide an estimate of the overtime hours that she should have received, to the best of her knowledge. After completion of discovery, the Plaintiff will adjust her statement of claim accordingly.  At the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that the amount of O/T paid to Plaintiff will be deducted from this estimate after discovery.

    a. <u>Total amount of alleged unpaid wages</u>:

    Three Thousand One Hundred Ninety-Seven Dollars and 83/100 ($3,197.83)

    b. <u>Calculation of such wages</u>:

    Total number of relevant weeks: 38 weeks

    **1.- 2018 Unpaid O/T based on Florida Minimum wage $8.25**

        i.  Low season /From September 24 to October 31, 2018=5 weeks

        Total relevant weeks: 5 weeks

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

Total hours worked: 42.5 O/T hours
Total O/T hours: 2.5
Regular rate: $8.25 x 1.5=$12.38 O/T rate
O/T rate: $12.38 an overtime hour

$12.38 O/T rate x 2.5 O/T hours=$30.95 weekly x 5 weeks = $154.75

ii.   High season/From November 01 to December 31, 2018=9 weeks

Total relevant weeks: 9 weeks
Total hours worked: 50 regular hours
Total O/T hours: 10 O/T hours
Regular rate: $8.25 x 1.5= $12.38 O/T rate
O/T rate: $12.38

$12.38 O/T rate x 10 O/T hours=$123.80 weekly x 9 weeks=$1,114.20

**2.- 2019 Unpaid O/T based on Florida Minimum wage $8.46**

i.   High season from January 01 to March 31, 2019=13 weeks

Total relevant weeks: 13 weeks
Total hours worked: 50 regular hours
Total O/T hours: 10 O/T hours
Regular rate: $8.46 x 1.5= $12.69 O/T rate
O/T rate: $12.69

$12.69 O/T rate x 10 O/T hours=$126.90 weekly x 13 weeks=$1,649.70

ii.   Low season from April 01 to June 19, 2019=11 weeks

Total relevant weeks: 11 weeks
Total hours worked: 42.5 regular hours
Total O/T hours: 2.5 hours
Regular rate: $8.46 x 1.5= $12.69 O/T rate
O/T rate: $12.69

$12.69 O/T rate x 2.5 O/T hours=$ 25.38 weekly x 11 weeks=$279.18

Total 1 and 2: $3,197.83

Nature of wages (e.g. overtime or straight time):

This amount represents the total unpaid overtime wages.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

71. At all times material hereto, the Employer/Defendant SANTORINI GREEK RESTAURANT failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

72. Defendant SANTORINI GREEK RESTAURANT, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

73. At the times mentioned individual Defendant CHRISTOS MAMMAS was and is now, the manager of SANTORINI GREEK RESTAURANT. Defendant CHRISTOS MAMMAS was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of the corporation in relation to its employees, including Plaintiff and others similarly situated.  Defendant CHRISTOS

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

MAMMAS had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and is jointly and severally liable for Plaintiff's damages.

74. Defendants SANTORINI GREEK RESTAURANT, and CHRISTOS MAMMAS willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant SANTORINI GREEK RESTAURANT, as set forth above.

75. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PAULINA B. MOODIE and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants SANTORINI GREEK RESTAURANT, and CHRISTOS MAMMAS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

<u>JURY DEMAND</u>

Plaintiff PAULINA B. MOODIE and those similarly situated demand trial by jury of all issues

triable as of right by jury.

Dated:  September 24, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33157
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*

Doc ID: 02789e05cc6174e113427fddb8df89b8bfd361e0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

PAULINA B. MOODIE,
and other similarly situated individuals,

      Plaintiff(s),

v.

NOAH RESTAURANT LLC,
d/b/a SANTORINI GREEK RESTAURANT
and CHRISTOS MAMMAS, individually,

      Defendants,

_____/

## **VERIFICATION OF COMPLAINT**

      The undersigned, for herself, declares:

I am the Plaintiff in the above-styled action.  I have read the forgoing complaint consisting of 19

pages and I know the contents thereof.  With respect to the causes of action alleged by me, the

same is true by my own knowledge, except as to those matters which are therein stated on

information and belief, and, as to those matters, I believe them to be true. I have reviewed this

document and have had it translated to me from English to Spanish.

      Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is

true and correct.

Date: ___09 / 25 / 2019_____

Signature_____
      PAULINA B. MOODIE

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | REVISED COMPLAINT |
| **FILE NAME** | MOODIE PAULINA - ...plaint 092419.pdf |
| **DOCUMENT ID** | 02789e05cc6174e113427fddb8df89b8bfd361e0 |
| **STATUS** | ● Completed |

## Document History

**SENT**
**09 / 25 / 2019**
09:57:41 UTC-5

Sent for signature to Paulina B. Moodie
(paulinamoodie@gmail.com) from svelez@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**
**09 / 25 / 2019**
12:50:19 UTC-5

Viewed by Paulina B. Moodie (paulinamoodie@gmail.com)
IP: 172.58.15.109

**SIGNED**
**09 / 25 / 2019**
12:50:50 UTC-5

Signed by Paulina B. Moodie (paulinamoodie@gmail.com)
IP: 172.58.15.109

**COMPLETED**
**09 / 25 / 2019**
12:50:50 UTC-5

The document has been completed.